

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles T. Banister
Criminal District Attorney
Corsicana, Texas

Dear Sir:

Opinion No. O-2577
Re: Can a beer election be legally
called and held on some date
between now and the next presi-
dential election in November
upon the basis of the same peti-
tion originally presented?

Your recent request for an opinion of this Department
on the above stated question has been received.

We quote from your original letter of July 20, 1940,
as follows:

"On the first day of June, 1940, a petition was
presented to the Commissioners' Court of Navarro County
asking that a beer election be called. On June 13, 1940,
the Commissioners' Court called an election for the 24th
day of June, 1940. On the 15th day of June, 1940, at the
request of the petitioners the Commissioners' Court rescind-
ed the order calling the election. Can a beer election be
legally called and held on some date between now and the
next presidential election in November upon the basis of
the same petition originally presented? The sale of beer
in the county is now legal."

On August 6, 1940, we wrote you requesting additional
information concerning the above mentioned question.

We quote from your letter of August 7, 1940, as fol-
lows:

71

"In reply to your letter of August 6, 1940, pertaining to additional information in reference to the above mentioned caption, we hereby quote the request of the petitioners and the rescinding order as stated in the minutes of the Commissioners' Court:

"'SPECIAL SESSION
Saturday, June 15, 1940

"'This Special Session being called by the County Judge, Paul H. Miller, for the purpose of considering the request from a representative of the signers of the petition heretofore filed in this court asking for the calling of a special beer election in this county, was called to order at 2:15 o'clock P. M. this day with the following present:

County Judge, Paul H. Miller
Joe N. George, Commissioner, Precinct No. 4
C. M. Fitzgerald, Precinct No. 2

Rev. E. T. Miller appeared before the Court and presented the following request:

Corsicana, Texas
June 15, 1940

To the Commissioners Court
of Navarro County:

I, E. T. Miller, as spokesman for the other Five hundred and forty-two (542) qualified voters of Navarro County, Texas, who presented to the Commissioners' Court of said county a petition asking for a special beer election, and being the same E. T. Miller who presented the above mentioned petition to the Commissioners' Court on June 1, 1940, do, this day, June 15, 1940, ask said Commissioners' Court to rescind the motion calling for said election, and earnestly implore your so doing, for the reason that there is a possibility of an unavoidable irregularity in the proceeding calling for such election and feel that in view of such possibility, if the election should be won by the dries, action might be taken in court to set aside said election, thus incurring undue expense for all parties concerned.

I want to go on record and have the Court understand that sometime after the primary we expect to ask you to call such election at some suitable date.

E. T. Miller.'

Honorable Charles T. Banister, Page 3

"'Commissioner George then made the following motion:
I move that the action of the Commissioners' Court taken
heretofore on June 13, 1940, calling election to be held
on June 24, 1940, to determine whether the sale of beer
containing alcohol not exceeding Four per centum (4%) by
weight, shall be prohibited in Navarro County, be rescinded,
and that the County Clerk be instructed not to post notices
of said election as previously called on June 13, 1940.
Motion was seconded by Commissioner Fitzgerald, and upon
being put to a vote, carried unanimously. All present
voted "aye".

"'It is therefore ordered by the Commissioners' Court
that the action of the court heretofore taken on June 13,
1940, calling a beer election for June 24, 1940, be, and
it is hereby rescinded and withdrawn. The County Clerk
is hereby ordered not to post notices for said election.'"

Section 32, Article 1, of the Texas Liquor Control
Act reads as follows:

"The commissioners' court of each county in the
State upon its own motion may order an election to be
held by the qualified voters of said county, to determine
whether or not the sale of liquor shall be prohibited or
legalized in such county, and such court shall order a
local option election whenever petitioned to do so by as
many as ten (10) per cent of the qualified voters of said
county, or of any justice precinct, city or town, taking
the votes for governor at the last preceding general elec-
tion as the basis for determining the qualified voters in
any such county, or political subdivision. After the first
local option election held as provided in this act, in any
county, justice precinct, incorporated town, or city, no
subsequent election upon the same issue in the same political
subdivision shall be held within one (1) year from the date
of the preceding local option election in said county, or
said political subdivision of said county."

Section 33, Article 1, of the Texas Liquor Control
Act provides that:

"When the commissioners' court shall order an election
as herein provided for, it shall be the duty of said court
to order such election to be held at the voting places
within such subdivision or county upon a day not less than
ten (10) nor more than twenty (20) days from the date of
said order, and the order thus made shall express the object
of such election and shall be held to be prima facie evidence
that all of the provisions necessary to give it validity or
to clothe the court with jurisdiction to make it valid,

Honorable Charles T. Banister, Page 4

"have been duly complied with, provided that said court
shall appoint such officers to hold such elections as
now required to hold general elections."

The Texas Liquor Control Act further provides that
the clerk of said court (commissioners' court) shall post or
cause to be posted at least one copy of said order in each
election precinct in such political subdivision or county
affected, for at least six (6) days prior to the day of the
election, which election shall be held and the return thereof
made in conformity with the provisions of the general laws of
the State, and by the election officers appointed and qualified
under such law.

With reference to an order for an election, it is
said in Texas Jurisprudence, Volume 16, page 23, that "In all
cases much is necessarily left to the discretion of the officers
authorized to call the election. If the manner of performance
is such as will reasonably accomplish the purpose of the law,
it should be held sufficient. It has been said that, compared
to the importance of effectuating the object of every election,
the question as to the manner of ordering an election is of
trivial moment. . . . However, in special or local elections
all the requirements of law should be substantially if not
literally complied with. If the failure of the election officers
to comply with statutory requirements has resulted in a denial
of the right to vote to a number of electors sufficient to
have changed the result, then the election is nugatory and void."

The commissioners' court, as a court of general
jurisdiction, has full control over its judgments during the
term at which they are rendered, and may revise or rescind orders
at the term at which they are made, provided that this be done
before any rights have accrued thereunder. Where the action
of the court in a particular case is judicial and not adminis-
trative, the orders or decrees may not be set aside at a subse-
quent term. However, the commissioners' court has the power to
rescind or vacate an order made in its legislative or administra-
tive capacity, insofar as vested rights are not impaired. August
A. Busch & Co. v. Cufield, 135 S. W. 244;  Collingsworth County
v. Myers, 35 S. W. 414; Haverbekken v. Coryell Co., 247 S. W.
1086; Texas Jurisprudence, Vol. 11, p. 573.

We believe that the act of the Commissioners' Court on June 13, 1940, calling an election for the 24th day of June, 1940, was clearly an administrative one, and an act which the Commissioners' Court had a legal right to rescind. It will be noted that the petitioners through their spokesman did not desire or attempt to withdraw the petition presented to the Commissioners' Court, but only in effect asked that the order calling the election be rescinded, and that it was their purpose to have the court to call an election at some suitable date other than the original date for which the election had been called. The statute (Section 32 of Article 1, Texas Liquor Control Act, supra) providing for local option elections upon the petition of the voters does not specify the time or the term of the court at which the commissioners' court must issue such order for an election. However, the election must be ordered within a reasonable time after the commissioners' court receives a valid petition therefor.

When you refer to the next presidential election in November in your inquiry we presume that you have reference to the next general election, as Section 32, supra, provides in effect that as many as ten per cent of the qualified voters of a certain county or any political subdivision of the county, taking the votes for the governor at the last preceding general election as a basis for determining the qualified voters in any such county or political subdivision.

You are respectfully advised that it is the opinion of this Department that if the 542 petitioners who signed the original petition constitute ten per cent or more of the qualified voters of said county, taking the votes for governor at the last preceding general election as a basis for determining the qualified voters in the county, the Commissioners' Court can legally call an election to be held on some date between now and the next general election upon the basis of the same petition originally presented.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED AUG 15, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

AW:AMM

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED OPINION COMMITTEE BY CHAIRMAN